UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALEXANDER KATES,

                                    Petitioner,        ORDER

-vs-

                                                       19-CV-6647 (CJS)

SUPERINTENDENT OF ATTICA
CORRECTIONAL FACILITY;
NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION; STATE OF NEW YORK,

                                    Respondents.

_____

      The matter is now before the Court on three motions by Petitioner Alexander Kates related to his petition for habeas corpus challenging his conviction and sentence in New York state court for kidnapping in the second degree. Pet. Sept. 3, 2019, ECF No. 1. Because Kates has filed each of these motions *pro se*, his papers have been "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).

MOTION TO STAY

      First, at the same time that he filed his § 2254 petition in September 2019, Kates filed a motion to stay in which he requested relief under New York Civil Practice Law and Rules § 7009(e), and to hold the matter in abeyance until he could exhaust his claims in the state court. Mot. to Stay, Sept. 3, 2019, ECF No. 3. The Court notes that Kates request for a stay is qualified; he states that "if my [habeas] petition would likely be resolved in the next 6-8 months I would ask that it be held in abeyance or stayed . . . if not, no stay order or abeyance would be necessary since said exhaustions can certainly be completed within one or two years from now." Mot. to Stay at ¶ 6. Because over two years have passed since Kates filed his motion to stay, the Court denies his request as moot. *See*

*also* Mot. to Appoint Counsel, Jul. 13, 2020, ECF No. 26 ("I would like to advise you that my certiorari petition and leave application . . . have both been denied.").

With respect to Kates' request for relief under N.Y.C.P.L.R. § 7009(e), the Court notes that that provision relates to the state court's authority to "place the person detained in custody or parole him or admit him to bail as justice requires" in state habeas proceedings. The Court construes Kates' request, therefore, as a request that this Court exercise its "inherent authority to admit to bail individuals properly within [its] jurisdiction." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). The Second Circuit has explained that "[t]he standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 226 (quoting *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990)) (internal quotation marks omitted). Without deciding whether Kates has raised "substantial claims" in his habeas petition, the Court concludes that Kates has not established the existence of "extraordinary circumstances" that warrant the relief he seeks. "The fact that petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance." *Moore v. Vann*, No. 9:20-CV-0012 (DNH), 2020 WL 2315694, at *1 (N.D.N.Y. May 11, 2020) (citing *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing unusual" about petitioner's argument that his confinement is unlawful).

Accordingly, Kates' motion to stay [ECF No. 3] is denied.

MOTION FOR HEARING / MOTION TO APPOINT COUNSEL

In July 2020, Kates filed a motion to appoint counsel, arguing that "an evidentiary hearing is likely needed and the interests of justice require appointment of counsel." Mot. to Appoint Counsel at 2.  In December 2021, Kates filed a motion for an evidentiary hearing, and reiterated his request for appointed counsel. Mot. for Hearing, Dec. 6, 2021, ECF No. 28. In support of his motion for a hearing, he claims that he has met his "burden of proving [the government breached the plea agreement] by a preponderance of the

evidence via respondent's own documents as appendices to [Kates'] habeas petition . . . etc." Mot. for Hearing at 1 (citing *U.S. v. Byrd*, 413 F.3d 249, 251 (2d Cir. 2005)).

Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the judge in a § 2254 habeas proceeding "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The petitioner "is not entitled to an evidentiary hearing by the federal court, but the granting of a hearing is within the discretion of the federal district court." *Knight v. Walsh*, 524 F. Supp.2d 255, 273 (W.D.N.Y. 2007) (citing *Pagan v. Keane*, 984 F.2d 61, 63 (2d Cir.1993)). Pursuant to § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct . . . [and the petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Further, § 2254(e)(2) provides that if the petitioner has failed to develop the factual basis for his claim(s) in state court proceedings, the court shall not hold an evidentiary hearing unless the petitioner shows that:

> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Although the Court has not yet had the opportunity to render a decision on each and every issue Kates has raised in his exhaustive, 81 page petition, the Court is familiar with the state court record in this case, including the approximately 2000 pages of material generated from Kates' multiple postconviction motions and proceedings. Given the breadth and depth of the record presently before the Court, the Court sees no reason at

3

this stage to schedule an evidentiary hearing. Consequently, Kates' motion for an evidentiary hearing is denied.

Similarly, the Court is not persuaded that the appointment of counsel is warranted at this time. Although there is no constitutional right to appointed counsel in civil cases, under 28 U.S.C. § 1915(e), the Court in its discretion may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The factors to be considered include whether: (1) the claims are likely to be of substance; (2) the indigent is able to investigate the crucial facts concerning his claim; (3) conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the legal issues involved are complex; and (5) there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

At this stage of the proceedings, the Court cannot say that appointment of counsel is warranted. In particular, it is unclear whether Kates' claims are "likely to be of substance." Additionally, the Court denied Kates' motion for an evidentiary hearing, meaning there are no pending discovery issues requiring the assistance of counsel. Consequently, the application for appointment of counsel is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Petitioner Alexander Kates' motion for a stay [ECF No. 3] is denied; and it is further

ORDERED that Kates' motion to appoint counsel [ECF No. 26] is denied; and it is further

ORDERED that Kates' motion for a hearing and to appoint counsel [ECF No. 28] is denied.

Because Kates has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Court will issue a written decision on Kates' § 2254 petition at its earliest opportunity.

SO ORDERED.

Dated:  June 15, 2019
        Rochester, New York

                          ENTER:

                          *[signature]*
                          CHARLES J. SIRAGUSA
                          United States District Judge