UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

——————————————————————————

ALEXANDER KATES,

                          Petitioner,            DECISION AND ORDER

-vs-
                                               19-CV-6647 (CJS)

SUPERINTENDENT OF THE ATTICA
CORRECTIONAL FACILITY, and the
STATE OF NEW YORK,

                          Respondents.

——————————————————————————

On August 24, 2023, the Court issued a Decision and Order denying Alexander Kates'
Petition for Habeas Corpus filed under 28 U.S.C. § 2254. *See*, Decision and Order (ECF No.
43).  On September 13, 2023, Kates filed a Motion to Vacate the Court's Decision and Order,
ECF No. 45, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]  The 87-page
motion consists of the motion itself, comprising 11 pages, and 86 pages of exhibits, including
this Court's 33-page Decision and Order, ECF No. 43.

The motion asserts that the Court's ruling was incorrect insofar as it denied Kate's claim
that he was entitled to a writ of habeas corpus based on the state prosecutor's alleged failure to
return certain property seized from him at the time of his arrest.  Kates contends that the property

———————————————————

[1] "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court
may relieve a party or its legal representative from a final judgment, order, or proceeding for the following
reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with
reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)
fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other
reason that justifies relief." Fed. R. Civ. P. 60 (Westlaw 2023).  Kates' motion purports to be made pursuant to
Rule 60(b)(1), based on the Court's "mistake" in denying his claim based on an incorrect understanding of the
facts.

was never returned to him, which breached his plea agreement and rendered his plea unintelligent, unknowing and involuntary.  However, the Court finds that Kates' application lacks merit, in that it fails to demonstrate that the Court's prior ruling was incorrect or that he is otherwise entitled to relief under Rule 60(b).

Consequently, Kates' application (ECF No. 45) is denied.  Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Kates has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:       September 15, 2023
             Rochester, New York

ENTER:

CHARLES J. SIRAGUSA
United States District Judge

2