UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEXANDER KATES,

                         Petitioner,                  DECISION AND ORDER

-vs-

                                                          19-CV-6647 (CJS)

SUPERINTENDENT OF THE ATTICA
CORRECTIONAL FACILITY, and the
STATE OF NEW YORK,

                         Respondents.
_____

## INTRODUCTION

This matter is before the Court on Petitioner Alexander Kates's letter motion (ECF No. 54) seeking reconsideration of the Court's Decision and Order denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The application is denied.

## BACKGROUND

The reader is presumed to be familiar with the facts and procedural history of this action. Briefly, as part of his Section 2254 habeas petition, Petitioner argued that his guilty plea was not voluntary because it was based on a plea agreement that was "illusory and meaningless" insofar as it required the prosecutor to return property to Petitioner that he was required to return anyway. (Pet. at 24–25). The Court rejected that aspect of the petition, stating in pertinent part:

> To be sure, the Supreme Court has stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). <u>However, here it is not clear that the return of Kates' property was part of the plea agreement, and it certainly was not the most significant benefit</u>. When asked whether anyone had made any promises to him "other than

1

> the sentence promise that's been placed on the record by the [prosecution] and [defense] attorney," Kates responded, "No." 04/15/2015 Plea Tr. at 12. <u>Yet even if the promise to return the property to Kates was part of the plea agreement, Kates has not shown that it was either unfulfilled or illusory. First,</u> Kates <u>has not shown by clear and convincing evidence that</u> the state appellate division was incorrect in its finding that the trial "court properly determined that documentary proof submitted by defendant conclusively refuted defendant's claim that <u>the plea was involuntary because it was induced by an unfulfilled promise</u>." *Kates*, 162 A.D.3d at 1632–33. *See also* 28 U.S.C. § 2254(e)(1).
>
> <u>Second, Kates has not shown that the prosecutor's promise to return the property was illusory</u>. <u>Assuming, without finding, that the prosecutor's statement was a promise as part of the plea offer</u>, the specific promise was that after Kates's guilty plea, the prosecution would return the property "as soon as appropriate." 04/15/2015 Plea Tr. at 9. Regardless of whether the prosecution would have been legally required to return the property anyway, the commitment to expedite the process of property return following the guilty plea was itself a benefit that Kates received as part of the bargain.

Decision and Order, ECF No. 47 at pp. 21-22 (emphasis added). Following the Court's dismissal of the habeas petition, Petitioner appealed, but on February 21, 2024, the U.S. Court of Appeals for the Second Circuit dismissed the appeal because Petitioner had not made a substantial showing of the denial of a constitutional right. ECF No. 51.

On August 28, 2024, Petitioner, proceeding *pro se*, filed the letter motion that is the subject of this order, which states:

> Please accept this letter in lieu of a motion seeking to file a successive habeas corpus petition on a single issue. In this Court's decision and order denying habeas relief at 21-22 the court stated that it was not clear that the return of my property was part of the plea agreement. But since then – and recently—I received a letter that I have included from my then-counsel stating that the return of my property was indeed part of the plea (via Assistant District Attorney letter). This should suffice to alter the previous facts, or lack thereof, relied on in adjudicating the petition the first time.

ECF No. 54. Attached to the letter motion is a copy of a letter, dated August 2, 2024,

purportedly sent to Petitioner by his former criminal defense attorney, Mark D. Funk. Funk's letter states in pertinent part:

> I cannot provide you with an affidavit. My representation of you ended more than nine years ago. I currently do not remember specifics about your plea agreement or the negotiations surrounding the plea agreement, and cannot swear under oath that the return of your property was part of your plea agreement. I did find a letter to Assistant District Attorney Perry Duckles, dated May 27, 2015, that says it was part of your plea agreement. I believe that I sent this letter to you previously, but I have enclosed it again. I assume that the plea transcript, which I do not have, lays out the specifics of your plea agreement and would be a better source of information regarding the substance of your plea agreement than I can be.

ECF No. 54 at p. 2.

DISCUSSION

The Court liberally construes Petitioner's letter motion as an application for "relief from a judgment or order" under Rule 60(b) of the Federal Rules of Civil Procedure, based on newly-discovered evidence. In this regard, the Second Circuit has stated the applicable legal principles as follows:

> When should a Rule 60(b) motion to reopen a habeas proceeding be construed as "a second or successive" habeas petition under AEDPA? This question has elicited inconsistent answers across the circuits. Three circuits have adopted the view that, regardless of the substance of its allegations, such a motion is always "a second or successive" habeas petition under AEDPA. *See Mobley v. Head*, 306 F.3d 1096, 1096 (11th Cir.2002); *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir.1998) (per curiam); *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir.1996). Other circuits have adopted more flexible approaches that look to the underlying substance of the Rule 60(b) motion in order to determine if it is tantamount to a "a second or successive" habeas petition under AEDPA.
>
> This Court followed the latter approach in *Rodriguez* [*v. Mitchell*], 252 F.3d [191,] 191 [(2d Cir. 2001)]. There, we recognized that a Rule 60(b) motion to set aside a habeas denial is "undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction," *id*. at 198, but

3

> emphasized that a Rule 60(b) motion does not itself seek habeas relief and "should therefore be treated as any other motion under Rule 60(b)" for purposes of AEDPA, provided that the motion "relates to the integrity of the federal habeas proceeding, not to the integrity of the ... criminal trial." *Id*. at 199; *see also Gitten*, 311 F.3d at 531, 532.
>
> \*\*\*
>
> A true Rule 60(b) motion must be predicated on one of five narrow and specific grounds or on a sixth ground which, despite its open wording, has been narrowly cabined by the precedent of this Court:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
>
> Fed R. Civ. P. 60(b) (emphasis added); see also Rodriguez, 252 F.3d at 199.

*Harris v. United States*, 367 F.3d 74, 79–80 (2d Cir. 2004) (footnote omitted).  Here, the Court construes Petitioner's application as relating to the integrity of the federal habeas proceeding, and, in particular, to the adequacy of the evidentiary record that was before this Court when it denied the habeas petition.  Accordingly, the Court treats Petitioner's application as one under Rule 60(b)(2).

However, the application lacks merit.  Preliminarily, Petitioner has not shown that the "new" evidence he has submitted is in fact "newly discovered evidence which by due diligence could not have been discovered" before the Court denied the habeas petition.  Moreover, even assuming *arguendo* that Petitioner had made such a showing, the evidence does not actually show what he claims.  That is, the letter that Petitioner

4

received from Attorney Funk does not establish that "the return of Petitioner's property" by the Prosecutor was part of Petitioner's state-court plea agreement. Furthermore, even if Funk's letter made such a showing, it would be irrelevant and/or merely cumulative in any event, since, as shown earlier, the Court's decision denying the habeas petition found no merit to Petitioner's "return-of-property argument" even assuming that a promise to return Petitioner's property had been part of the plea agreement.

CONCLUSION

Petitioner's letter motion (ECF No. 54) is denied. The action remains closed. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   September 13, 2024
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge